David Leit
Craig Dashiell
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTICON, INC. and SONIC INNOVATIONS, INC., | Document Filed Electronically |
| Plaintiffs, | Civil Action No. |
| v. | Jury Trial Demanded |
| HEARSITE, INC., | |
| Defendant. | |

Plaintiffs Oticon, Inc. ("Oticon"), and Sonic Innovations, Inc. ("Sonic Innovations"), for their Complaint against Defendant Hearsite, Inc. ("Hearsite"), allege as follows:

### NATURE OF THIS ACTION

1. This is an action brought by Plaintiffs against Defendant for violations of the Lanham Act, the Federal Trade Commission Act, and state laws stemming from Defendant's (a) unauthorized use of Plaintiffs' trademarks, and (b) false and misleading statements about Plaintiffs' products.

2. Plaintiffs manufacture and sell branded hearing aids, amplifiers, and other auditory-aid devices, and have cultivated reputations as premier providers in the hearing healthcare market over the last few decades. Plaintiffs own several federally registered trademarks that consumers associate with their product lines.

3. The success of Plaintiffs' brands and products is due, in part, to their commitment to customer service.

4. Plaintiffs allow only authorized distributors to sell their products, and require those dealers to provide end users with custom fittings during in person consultations to ensure that users receive equipment properly suited to the patient's individual needs. During consultations, authorized distributors use Plaintiffs' proprietary software to program the product that the patient has selected. Plaintiffs have codified these practices regarding the necessity of in person consultations in their distribution guidelines, to which authorized distributors are required to adhere in order to be supplied with Plaintiffs' products.

5. Defendant is not an authorized distributor of Plaintiffs products. It sells only online, purportedly at discounted prices, without ever meeting its customers face-to-face. Defendant falsely holds itself out to the public as authorized to sell Plaintiffs' products, and purports to offer several of Plaintiffs' product lines for sale on its website, using Plaintiffs' protected marks and logos, as well as images of Plaintiffs' products.

6. In or about June 2016, Plaintiffs learned that Defendant was acquiring Oticon and Sonic Innovations products from a secondary source in violation of Plaintiffs' distribution guidelines. Thereafter, Plaintiffs terminated the account of the distributor that was supplying Defendant with Plaintiffs' products, which, on information and belief, cut off Defendant's access to those products.

7. Several months later, Plaintiffs learned that Defendant was continuing to advertise Oticon and Sonic Innovations products for sale on its website in order to drive traffic to its website. However, when consumers come to Defendant's website and attempt to buy Plaintiffs' products, Defendant employs a classic "bait and switch" tactic, telling the consumer that Plaintiffs' products are unavailable, and offering to sell them hearing aids manufactured by other companies. Defendant lists several of Plaintiffs' products without a purchase price, and instead

invites potential customers to call for custom pricing. When a call is made to the numbers listed on its website, or the customer opens an online chat with a sales support representative, the customer is told that Plaintiffs' products are temporarily unavailable, and the sales representative offers to sell a "comparable" product instead of the Oticon or Sonic Innovations products the customer was seeking.

8. These statements are false and misleading, in that they a) falsely advertise that Plaintiffs' hearing aids are available from Defendant, and b) falsely give customers the impression that it is difficult to obtain Plaintiffs' products. In fact, Plaintiffs' products are readily available through authorized distributors; they simply are not available from unauthorized sources, such as Defendant.

9. Further, to the extent Defendant has actually sold Plaintiffs' products, it has misled customers into believing that they purchased genuine Oticon and Sonic Innovations products. Only authorized distributors have access to Plaintiffs' most current version of the software for their products. Oticon and Sonic Innovations products that are not programmed using the most recent version of Plaintiffs' software do not provide the same quality hearing experience as those that are, and therefore are materially different from the genuine Oticon and Sonic Innovations products sold by authorized distributors.

10. Defendant's actions infringe Plaintiffs' trademarks and disparage their business reputations, causing Plaintiffs serious and irreparable harm.

11. Plaintiffs seek to enjoin Defendant from continuing to falsely advertise the availability of Plaintiffs' products from Defendant, from passing off outdated versions of Plaintiffs' products as genuine, and from making false and disparaging statements about Plaintiffs' products. In addition, Plaintiffs seek disgorgement of Defendant's profits from any

unauthorized sales of Plaintiffs' products, profits from sales of third party products sold by Defendant as a result of Defendant's "bait and switch" tactics, as well of the costs of rehabilitating Plaintiffs' business reputations.

## PARTIES

12. Oticon is a California corporation with a place of business at 580 Howard Ave, Somerset, New Jersey 08873.

13. Sonic Innovations is a Delaware corporation with a place of business at 2501 Cottontail Lane, Somerset, New Jersey 08873.

14. On information and belief, Hearsite is an Iowa corporation with a place of business at 5550 Wild Rose Ln #400, West Des Moines, Iowa 50266. Hearsite owns and operates the website www.buyhear.com.

## JURISDICTION

15. This action arises under the Lanham Act (15 U.S.C. § 1125(a)), the Federal Trade Commission Act (15 U.S.C. § 45(a)), and under the common laws of the State of New Jersey.

16. Jurisdiction of this Court is founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a) and (b), 1400(a), and the pendent jurisdiction of this Court. On information and belief Defendant has falsely advertised, and/or made unauthorized sales of, Plaintiffs' products to customers in New Jersey, thereby causing Plaintiffs damages in New Jersey.

17. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

18. Venue is proper within this Judicial District under 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

19. Plaintiffs design, develop, manufacture, and market advanced digital hearing aids, hearing implants, and diagnostic instruments. Oticon has manufactured and marketed hearing

devices for over a century, and Sonic Innovations has been a leader in the hearing healthcare market since 1991.

20. Plaintiffs advertise and sell their branded products throughout the United States, and invest substantial sums each year to promote their brands and products.

21. Oticon A/S Corporation owns the federally registered trademark OTICON for hearing aids and hearing aid components, United States Trademark Registration No. 2655786, and the federally registered trademark OTICON PEOPLE FIRST for hearing aids, parts, and related services, United States Trademark Registration No. 3173125 (the "Oticon Marks").

22. Oticon markets and sells Oticon-branded products and their component parts in the United States using the Oticon Marks under an exclusive license from Oticon A/S Corporation.

23. Sonic Innovations owns the federally registered trademark SONIC EVERYDAY SOUNDS BETTER for computer operating software used with hearing aids and manuals packaged together as a unit, United States Trademark Registration No. 4481590, and related federal registrations for each of its product lines (the "Sonic Marks").

24. Plaintiffs have cultivated their hearing aid brands and related marks through their commitment to providing end users with high levels of customer service.

25. Plaintiffs' products are sophisticated pieces of hearing healthcare technology, which require custom fitting and adjustment to perform optimally for each patient. Plaintiffs' hearing aids operate using proprietary software that Plaintiffs periodically update to fine tune performance of their products.

26. To ensure that patients receive the highest quality hearing healthcare, and thus obtain the optimal benefit from Plaintiffs' products and marks, Plaintiffs only permit authorized distributors to sell their products. Similarly, Plaintiffs only license the software needed to program their products to authorized distributors. Authorized distributors use this software to program hearing devices for customers at point of sale.

27. To qualify as an authorized distributor, a distributor is required to sell Plaintiffs' products to patients only though face-to-face in person consultations. These consultations allow authorized distributors to provide proper fittings and adjustments of Plaintiffs' products, which is critical for those products to function optimally and for patients to receive the best possible hearing improvement from Plaintiffs' products.

28. Plaintiffs have adopted guidelines that codify these practices, which authorized distributors must adhere to in order to continue to be supplied with Plaintiffs' products. Plaintiffs' guidelines prohibit authorized distributors from selling branded products through catalogs, by mail order, or over the internet, or from making further wholesale sales of Plaintiffs' products to other retailers. A copy of the guidelines is attached as Exhibit A.

29. Plaintiffs' products are synonymous with cutting edge technological advancement in the hearing-healthcare market.

30. Plaintiffs depend on the value and reputation of their trademarks to identify the source of their products to consumers. If Plaintiffs' marks are mis-used by unauthorized retailers like Defendant, who do not have Plaintiffs' products available for sale, who sell Plaintiffs' products in violation of Plaintiffs' distribution guidelines and without a face-to-face consultations, or who sell products that are not programmed using the most recent version of Plaintiffs' software, the value of Plaintiffs' trademarks to represent the high quality of Plaintiffs' products will be substantially diminished, and patients seeking high quality hearing healthcare will no longer be able to rely upon Plaintiffs' brands to distinguish the quality of Plaintiffs' products from Plaintiffs' competitors.

*Defendants' Unauthorized Advertising of Plaintiffs' Products*

31. In or about June 2016, Plaintiffs learned that Defendant was purporting to offer Plaintiffs' hearing aid devices for sale on its website www.buyhear.com, using Plaintiffs' trademarks, including the Oticon and Sonic Innovations trade names, logos, and product line names.

32. Defendant has never been authorized to use Plaintiffs' Marks or to sell Plaintiffs' products, because it sells hearing aids online and does not fit Plaintiffs' products to patients through face-to-face in-person consultations.

33. Under Plaintiffs' guidelines, Defendant is also prohibited from acquiring Plaintiffs' products from authorized distributors. Consequently, to the extent Defendant has ever had any of Plaintiffs' products in stock, Defendant could only have obtained them through unauthorized means.

34. After learning that Defendant was holding itself out as an authorized distributor of their products, Plaintiffs traced its supply of their products to another one of Plaintiffs' authorized distributors. In June 2016 Plaintiffs terminated the account of that distributor, as well as that distributor's access to Plaintiffs' software.

35. On information and belief, Defendant has used Plaintiffs' trademarks to falsely advertise Plaintiffs' products to consumers throughout the country, including in New Jersey.

36. Defendant has used Plaintiffs' trademarks to bait consumers to visit its website in order to sell them hearing aids produced by other companies.

37. To carry out its bait and switch scheme, Defendant does not list a price for the Oticon hearing aids that it purports to offer for sale on its website. Instead, Defendant prompts customers to "call us for the best price" for those devices.

38. Consumers who call Defendant or initiate an online chat session with Defendant are told that Defendant cannot provide them with Oticon's products and are instead offered a product manufactured by one of Oticon's competitors.

39. For example, the chat session shown on the screen shots attached as Exhibit B demonstrate that when a visitor to the www.buyhear.com website contacted a Sales Support Agent of Defendant named "Will" on October 5, 2017, and inquired about buying the Oticon products advertised on the site, he was falsely told that "they [Oticon] are having issues getting us their products." In fact, Oticon was not having "issues" getting its products to any authorized

distributor; the reason Defendant was unable to sell them was that Defendant is not an authorized distributor and thus did not actually carry those products.

40. In the same chat session, despite advertising Oticon products on the website, "Will" admitted that "They [Oticon] will not / have not filled our outstanding orders currently." Thus, "Will" admitted that Defendant was advertising products for sale that it did not have available. This amounts to clear false advertising, infringement of Oticon's trademarks, and a classic "bait and switch" scheme.

41. On information and belief, customers who inquire about Sonic Innovations' products are similarly informed that those products are on backorder and are provided with an alternative product to purchase.

42. Contrary to Defendant's representations, Plaintiffs have no problem supplying their products, and are willing and able to supply their products to patients through authorized distributors.

43. Defendant's continued advertising and/or selling of Plaintiffs' branded products targets the same consumers targeted by Plaintiffs' authorized distributors, and thus steals business from those authorized distributors.

44. On information and belief, Defendant's unauthorized advertising and selling of Plaintiffs' branded products is with the intent and purpose of confusing, misleading and deceiving the public, and unfairly capitalizing on Plaintiffs' initiative and valuable goodwill.

45. Plaintiffs are being irreparably injured and monetarily damaged by Defendant's acts.  Plaintiffs have no adequate remedy at law

## COUNT I

### Infringement of Federally-Registered Trademark under the Lanham Act

46. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1-45 of the Complaint as if set forth herein at length.

47. Through their efforts in the United States market, Plaintiffs have developed extensive goodwill in their federally registered OTICON, OTICON PEOPLE FIRST, and

SONIC EVERYDAY SOUNDS BETTER marks, as used in connection with hearing aids and other auditory devices, and are the sole owners of such marks and all goodwill in those marks.

48. Defendant has used said marks in interstate commerce, without authorization from Plaintiffs, to falsely advertise the availability of Plaintiffs' products through its website www.buyhear.com.

49. Defendant's unauthorized use of Plaintiffs' trademarks is likely to cause confusion, mistake, or deception among consumers as to the affiliation, connection, or association between Plaintiffs and Defendant. Such activity constitutes trademark infringement, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Plaintiffs have suffered irreparable harm and damages as a direct and proximate result of the wrongful acts of Defendant, in that Defendant's activities have willfully caused confusion among consumers in the market for hearing aids.

51. Defendant will, on information and belief, continue to infringe upon Plaintiffs' rights under §43(a) of the Lanham Act unless and until it is enjoined by this Court. Plaintiffs have been and are likely to continue to be injured unless Defendant is enjoined. Plaintiffs have no adequate remedy at law

## COUNT II

### False Advertising under the Lanham Act

52. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-51 above, as though fully set forth herein.

53. Defendant's statements, including that Plaintiffs "are having issues getting us their products" is a false and/or misleading representation of fact which, in commercial advertising or promotion, misrepresents the nature, characteristics, and qualities of Plaintiffs' goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(b).

54. Further, by selling or offering to sell Plaintiffs' products, using Plaintiffs' Marks, which were not programmed with the latest version of Plaintiffs' software, Defendant has

attempted to pass off outdated products as if they were genuine products manufactured by Plaintiffs.

55. The technological capabilities of Plaintiffs' products are material to customers' purchasing decisions.

56. Any Oticon or Sonic Innovations products offered for sale or sold by Defendant are not genuine products and are materially different from genuine products sold by Plaintiffs through authorized distributors, since such products do not contain the most current version of Plaintiffs' software.

57. Defendant's false and misleading claims are likely to deceive consumers into believing that Plaintiffs cannot supply adequately hearing aids or provide patients with quality software and customer service.

58. On information and belief, as a result of Defendant's false and misleading statements, sales of hearing aids and other auditory devices have been diverted from Plaintiffs and their authorized distributors to competing product lines sold by Defendant. Plaintiffs have suffered and will continue to suffer from loss of customers. These injuries are irreparable.

### COUNT III

### Unfair Competition under the Lanham Act

59. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-58 above, as though fully set forth herein.

60. Defendant has, in connection with sales of hearing aids in interstate commerce, falsely claimed to have Plaintiffs' products available for sale. Defendant has made such claims with full knowledge of the falsity of such statements, to the detriment of Plaintiffs.

61. In particular, Defendant's unauthorized and untrue offers to sell Plaintiffs' products, using Plaintiffs' trademarks, and using outdated software, constitutes the use of false descriptions and representations which falsely portray Defendant as an authorized distributor of Plaintiffs' products.

62. The activities of Defendant complained of herein have been and continue to be conducted in bad faith and constitute willful and intentional conduct.

63. Defendant's actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Plaintiffs have no adequate remedy at law and are suffering and will continue to suffer irreparable harm and damage as a result of the aforementioned acts of Defendant.

## COUNT IV

### Unfair and Deceptive Practices under the Federal Trade Commission Act

65. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-64 above, as though fully set forth herein.

66. On its website, Defendant has represented, expressly or by implication, that it is an authorized distributor of Plaintiffs' products.

67. Defendant has sold Plaintiffs' hearing aids without providing in person fittings, increasing the risk that those products will not function properly and will provide patients with results that are inconsistent with the quality for which the Plaintiffs are known.

68. When consumers contact Defendant to purchase Plaintiffs' hearing aids, Defendant engages in "bait and switch" tactics, informing consumers that Plaintiffs' products are unavailable, and offering them a different product produced by Plaintiffs' competitors instead.

69. Defendant is not an authorized distributor of Plaintiffs' hearing aids because it does not provide in person fittings of those products, as required by Plaintiffs' distribution guidelines.

70. Defendant is deceiving customers by not selling genuine Oticon and Sonic Innovations products, since any products Defendant sells do not include the most current version of the Oticon and Sonic Innovations software.

71. Despite Defendant's representations to the contrary, Plaintiffs are able to supply their product lines to patients through authorized distributors.

72. Defendant's representations are false and misleading, and are likely to cause substantial injury to consumers that is not outweighed by countervailing benefits to consumers or competition in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT V

### Common Law Trademark Infringement

73. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-72 above as though more fully set forth herein.

74. Plaintiffs have continuously used their marks in interstate commerce since their date of first use, including within New Jersey.

75. As a result of the substantial and continuous use of Plaintiffs' marks, consumer in New Jersey and throughout the country associate these marks with Plaintiffs' auditory aid products.

76. Defendant's use of Plaintiffs' marks, logos, and product line names is likely to cause mistake or confusion of customers, potential customers, and others as to the source, association, sponsorship, or approval by Plaintiffs' of Defendant's products and services.

77. Defendant has infringed Plaintiffs common law trademark rights in their Marks.

78. Plaintiffs have suffered, and will continue to suffer, damages, in an amount to be proven at trial, as a result of Defendant's wrongful infringement of their Marks.

79. Plaintiffs' legal remedies are inadequate to make them whole. Plaintiffs have suffered, and will continue to suffer, irreparable harm to their goodwill and reputation unless Defendant is enjoined from their wrongful acts.

## COUNT VI

### Common Law Unfair Competition

80. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-79 above, as though more fully set forth herein.

81. By falsely advertising Plaintiffs' products as available for sale from Defendant, and engaging in "bait and switch" tactics, all as described above, Defendant has unfairly competed with Plaintiffs under the common law of New Jersey.

82. By selling or offering to sell Plaintiffs' products without including the most recent version of Plaintiffs' software, Defendant has passed off outdated products as if they were Plaintiffs' genuine products.

83. Defendant, by its acts, has unfairly competed with Plaintiffs in violation of Plaintiffs' common law rights.

## COUNT VII

### Trade Libel/Product Disparagement

84. Plaintiffs incorporate the allegations contained in paragraphs 1-83 above as if fully set forth herein.

85. As set forth above, Defendant has made false statements to third parties about Plaintiffs' ability to supply their products to patients.

86. Defendant's statements have impugned and denigrated Plaintiffs' brands and their value, worth, and origins.

87. Defendant knew that its statements were false when it made them.

88. Defendant's statements were made with malice, and with the intent of impugning and denigrating Plaintiffs' brands, and their value, worth and origins.

89. Defendant's false statements have damaged Plaintiffs' brands, their reputation, and their commercial development.

90. On information and belief, as a result of Defendant's statements, prospective purchasers view Plaintiffs' products as difficult to obtain and Plaintiffs' customer service as second rate, and will be less likely to buy Plaintiffs' hearing aids.

91. Defendant should be enjoined from making similar statements about Plaintiffs' products in the future.

**WHEREFORE**, Plaintiffs demand judgment:

      a)     Preliminarily and permanently enjoining Defendant, its agents, servants, employees and attorneys and all those acting in concert or participation with it:

          a.     from advertising, promoting, selling, or offering for sale any product under or in connection with Plaintiffs' trademarks unless the product emanates from and is authorized by Plaintiffs;

          b.     from falsely representing or suggesting that the products Defendant purports to sell or offer for sale under Plaintiffs' trademarks are genuine, or are authorized or emanate from Plaintiffs, or from otherwise falsely advertising, representing or suggesting any connection with Plaintiffs, unless Defendant's product is genuine and emanates from and is authorized by Plaintiffs; and

          c.     from falsely representing or suggesting that Plaintiffs are unable to supply their products to consumers.

      b)     Requiring Defendant to

          a.     cancel all outstanding orders for Plaintiffs' products which were placed in response to its false advertisements and to refund any monies received;

          b.     notify all customers that it is not an authorized distributor of Plaintiffs' products and is not associated with, sponsored by or affiliated with Plaintiffs; and

          c.     issue a recall of all of Plaintiffs' products that Defendant has shipped to its customers.

      c)     Requiring Defendant to pay its profits to Plaintiffs, any damages sustained by Plaintiffs as a result of its acts, and Plaintiffs' costs for the action, pursuant to 15 U.S.C. § 1117(a);

      d)     Requiring Defendant to pay to Plaintiffs three times the amount of Plaintiffs' actual damages due to the circumstances of this case, pursuant to 15 U.S.C. § 1117(a);

e) Requiring that any products, brochures, advertisements, signs, and any other written or printed or electronic material in Defendant's possession, custody or control that bear Plaintiffs' trademarks be delivered up to Plaintiffs for destruction, pursuant to 15 U.S.C. § 1118;

f) Imposing Plaintiffs' reasonable attorneys' fees against Defendant because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a);

g) Requiring Defendant to pay to Plaintiffs punitive damages due to the exceptional circumstances of this case; and

h) Granting such other and further relief as this Court deems just and proper.

                                        Respectfully submitted,
                                        **LOWENSTEIN SANDLER LLP**
                                        One Lowenstein Drive
                                        Roseland, New Jersey 07068
                                        (973) 597-2500
                                        *Attorneys for Plaintiffs*

Dated: December 20, 2017                     By:  */s David Leit*
                                                          David Leit

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

                                                        By:  */s David Leit*
                                                            David Leit

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other action or proceeding pending in any court or arbitration.

By: *David Leit*
David Leit

Dated:  December 20, 2017