IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTICON, INC. and SONIC INNOVATIONS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> HEARSITE, INC., <br><br> Defendant. | Civil Case No. 3:17-cv-13431 <br><br> **Hon. Tonianne J. Bongiovanni** |

## [PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER

This matter is before the Court on the Joint Motion for Entry of Consent Judgment submitted by Plaintiffs Oticon, Inc. ("Oticon") and Sonic Innovations, Inc. ("Sonic" and, together with Oticon, "Plaintiffs"), and Defendant Hearsite, Inc. ("Hearsite" or "Defendant"). The Court makes, and the parties consent to, the following findings of fact and law:

1. Oticon is a California corporation with a place of business at 580 Howard Ave., Somerset, New Jersey 08873.

2. Sonic is a Delaware Corporation with a place of business at 2501 Cottontail Lane, Somerset, New Jersey 08873.

3. Hearsite is an Iowa corporation with a registered principal place of business at 316 11th Street SW Plz, PO Box 500, Spencer, Iowa 51301.

4. This Court has jurisdiction over the parties and the subject matter of this litigation.

5. All necessary parties are before this Court, and the parties to this litigation have authority to enter into this Consent Judgment.

6. Plaintiffs are subsidiaries of William Demant Holding A/S ("William Demant"), and are part of William Demant's portfolio of hearing healthcare companies, which, in addition to Oticon and Sonic, includes Oticon Medical (collectively, the "Demant Companies"). The Demant Companies design, develop, manufacture, market, and sell digital hearing aids, hearing implants, and diagnostic instruments (hereinafter the "Product(s)"). Plaintiffs operate under the "Oticon" and "Sonic" brand names.

7. The Demant Companies own various trademarks registered with the United States Patent and Trademark Office. Oticon markets and sells Oticon-branded Products and their component parts in the United States under an exclusive license from Oticon A/S Corporation, and Sonic make similar sales of Sonic-branded Products using its own registered marks.

8. Plaintiffs only sell their Products to authorized distributors who fit patients for Products during in-person consultations. Plaintiffs' distribution practices are codified in published guidelines that distributors are required to adhere to in order to remain in Plaintiffs' distribution networks.

9. Defendant sold Plaintiffs' Products over the internet through the www.buyhear.com website operated by Defendant, without providing in-person consultations, a practice that is not allowed under Plaintiffs' distribution guidelines.

10. Defendant is not and was not an authorized distributor of Plaintiffs' Products.

11. Plaintiffs initiated this action by filing a Complaint against Defendant, alleging Defendant had violated the Lanham Act, the Federal Trade Commission Act, and state laws, through Defendant's unauthorized use of Plaintiffs' trademarks and Defendants' false and misleading statements about Plaintiffs' Products.

12. Defendant denies the allegations of the Complaint.

13. Without admitting fault or liability, Defendant has agreed to the terms of this Consent Judgment and Permanent Injunction Order in order to fully resolve the claims alleged in this action.

14. The parties have agreed to the entry of judgment on the terms set out in this Consent Judgment, both in form and in substance, and waive any right to appeal from this Consent Judgment.

15. "Directly" shall mean through conduct by a person or entity.

16. "Indirectly" shall mean through conduct by a person or entity acting on behalf of another person or entity.

17. "For Third-Party Benefit" shall mean conduct performed, Directly or Indirectly, that benefits or assists a non-party to this Consent Judgment.

Therefore, by order of the Court, and with the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

A. Hearsite, Luke Jorgensen, Affinity Hearing Networks, Inc., Precision Hearing Center, Inc., shall not, Directly, Indirectly, or For Third-Party Benefit:

(1) Purchase, sell, promote, fit, configure, or otherwise service Products that are designed, developed, manufactured, marketed, or sold by any company that is owned or operated by William Demant Holding A/S, including, but not limited to, the current Demant Companies listed in Paragraph 6, and any related brands or product lines that those companies now operate under or may develop and operate under in the future (the "Prohibited Products') over the internet, and/or without face-to-face patient and device configuration;

  (2) Solicit retailers to sell the Prohibited Products over the internet, and/or without face-to-face patient fitting and device configuration;

  (3) Solicit authorized distributors of the Prohibited Products to sell those Prohibited Products to a retailer known to sell Prohibited Products over the internet, and/or without face-to-face patient fitting and device configuration;

  (4) Sell, distribute, license, or seek to sell, distribute, or license, any software that operates with or is designed to configure or service Prohibited Products;

  (5) Use or reference any of the Demant Companies' trademarks in a manner to suggest an affiliation with or sponsorship by the Demant Companies;

  (6) Aid, assist, or act in concert with any third party taking or attemptintg to take any of the foregoing actions.

B. Within ten (10) days of entry of this Consent Judgment, Hearsite shall:

  (1) provide a list of all domain names used to sell hearing instruments, or reserved for the purpose of selling hearing instruments, that are or have been owned by Hearsite, Luke Jorgensen, Affinity Hearing Networks, Inc., Precision Hearing Center, Inc. (the "Hearsite Websites"), or are or have been owned by any non-hearing aid manufacturer third party to whom Hearsite has sold or purchased hearing aids or sought to engage in a commercial relationship for the purpose of selling or purchasing hearing aids over the internet;

  (2) Remove any reference to the Prohibited Products from the Hearsite Websites, including any embedded ad-based terms used in connection with the Hearsite Websites, and/or keywords purchased through search engine

        providers, that causes those websites to be displayed in the search results for the Prohibited Products that is run on any internet search engine, including, but not limited, to Google, Yahoo!, and/or Bing,

    (3) provide a list of Prohibited Products currently in Hearsite's possession.

C. No party will be obligated to pay any other costs and/or expenses of the other, which include but are not limited to compensatory damages, punitive damages and/or attorneys' fees.

D. This Consent Judgment settles and fully resolves all claims including, without limitation, any and all potential counterclaims and claims against any officer, employee, or agent of either party, arising out of or relating to the subject matter of the litigation.

E. In the event of a legal proceeding to enforce this Consent Judgment, the prevailing party shall be entitled to recover its reasonable costs, expenses, and attorneys' fees incurred in such proceeding, in addition to any other applicable and available relief.

F. Plaintiffs hereby represent and warrant to Defendants that this Consent Judgment has been duly authorized, approved, executed, and delivered by Plaintiffs, and is legally binding upon and enforceable against Plaintiffs, in accordance with its terms. Defendant hereby represents and warrant to Plaintiffs that this Consent Judgment has been duly authorized, approved, executed, and delivered by Defendant, and is legally binding upon and enforceable against Defendant, Luke Jorgensen, Affinity Hearing Networks, Inc., Precision Hearing Center, Inc. in accordance with its terms.

G. The terms of this Consent Judgment may only be amended, changed, or modified by written agreement executed by the parties hereto and approved and ordered by the Court.

H. By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of this Consent Judgment.

This Order shall constitute the final judgment on all operative claims in this case pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this _____ day of September, 2018.

_____
Hon. Tonianne J. Bongiovanni
District Judge

*Consented and agreed to by*:

| **PLAINTIFFS OTICON, INC. and SONIC INNOVATIONS, INC.** | **DEFENDANT HEARSITE, INC.** |
|---|---|
| /s/ David Leit | /s/ Michael S. Degan |
| *Counsel for Oticon, Inc. and Sonic Innovations, Inc.* | *Counsel for Hearsite, Inc.* |
| David Leit (NJ Bar No. 024351995) DLeit@lowenstein.com Craig Dashiell (NJ Bar No. 062192013) CDashiell@lowenstein.com LOWENSTEIN SANDLER LLP One Lowenstein Drive Roseland, NJ 07068 T: (973) 597-2500 | Michael S. Degan (*pro hac vice*) Mike.Degan@kutakrock.com Joshua S. Weiner (*pro hac vice*) Joshua.Weiner@kutakrock.com KUTAK ROCK LLP 1650 Farnam Street Omaha, NE 68102 T: (402) 346-6000<br><br>Amy J. Blumenthal (NJ Bar No. 012742007) Amy.Bluemthal@kutakrock.com KUTAK ROCK LLP 1760 Market Street, Suite 1100 Philadelphia, PA 19103 T: (312) 602-4108 |